UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> DARIN YOUNG, South Dakota State Warden, individual and official capacity; BOB DOOLEY, South Dakota State Warden, individual and official capacity; SGT. KURTIS BROWN, Correctional Officer, individual and official capacity; JESS BOYSEN, Correctional Officer, individual and official capacity; JUSTIN KUKU, Correctional Officer; ANGELA STEINEKE, Coordinator of West Hall; KEITH DITMENSON, Unit Manager, West Hall; JUDGE JOHN PEKAS, Minnehaha County Circuit Judge; TROY PONTO, Associate Warden; MARTY JACKLEY, Attorney General; EUGENE REGIER, Head doctor of Health Service; HEATHER BEWERS, Head nurse of Health Service' KATIE DUNN, Attorney at Law; JUDGE ROBIN J. HOUWMAN, State of South Dakota Minnehaha County Circuit Court Judge; DOUGLAS P. BARNETT, State Assistant Attorney General; DAVID WATTS, Core Orthopedics Avera; DR. TODD, Midwest ENT; MARC ELLWEIN, Midwest ENT; MARY CARPENTER, Head Doctor for Health Care, <br><br> Defendants. | 4:16-CV-04014-KES <br><br><br><br><br><br><br><br> ORDER LIFTING STAY AND DENYING MOTIONS |

Plaintiff, Bruce Edgar Smith, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1; Docket 1-1. The court stayed Smith's case because he filed the same complaint in state court. Docket 14. Smith filed a variety of motions and other filings. For the reasons below, the court lifts the stay and denies Smith's motions.

## DISCUSSION

### I.  Stay on Smith's Case

After reviewing Smith's complaint, the court *sua sponte* stayed the case because Smith filed the same complaint in state court. Docket 14. The court ordered Smith to notify it on the status of the state court case. *Id.* Smith has now provided this court with documentation showing that the state court proceeding has been dismissed without prejudice. Docket 48-1. Therefore, the court lifts the stay on Smith's case, and he may proceed.

Smith also filed a motion titled "Plaintiff's Motion For Activation of The Staying Order To Be Now Changed Under This 'Writ of Coram Nobis' and Under The Fed.R.Civ.P., Rule 60(a)." Docket 42. To the extent this motion seeks to lift the stay, it is denied as moot. To the extent this motion seeks to change the cause of action, it is denied. As discussed below, Smith has filed multiple motions to amend, and he must follow the proper procedure for a motion to amend to change the complaint.

### II.  Motion for Service

Smith moves the court to serve his complaint. Docket 29. Because his complaint has not been screened under 28 U.S.C. § 1915A, and because it is

2

unclear which filing constitutes his complaint, it is inappropriate to serve his complaint. Therefore, his motion for service is denied.

### III.    Motion to Appoint Counsel

Smith moves the court to appoint him counsel. Docket 31. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* Smith's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Therefore, his motion is denied.

The court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### IV.    Motions for Preliminary Injunction or Temporary Restraining Order

Smith moves the court to enter a preliminary injunction or temporary restraining order. Docket 32; Docket 44; Docket 49. At this time, it is premature to grant Smith this relief. His complaint has not been screened,

and he has filed numerous motions to amend his complaint. Therefore, his motion is denied.

## V. Motions to Amend

Smith moves to amend his complaint. Docket 30; Docket 43; Docket 50. Under the local rules:

> [A]ny party moving to amend a pleading will attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified. If the court grants the motion, the moving party will file a clean original of the amended pleading with the clerk of court within 7 days.

D.S.D. Civ. LR 15.1.

In his first motion to amend, Smith followed this rule, but he failed to follow it in his second and third motions. Therefore, it is unclear whether Smith wishes the court to construe his proposed amended complaint, Docket 30-1, as his amended complaint or whether he wishes to add to or change this complaint with his subsequent motions. If Smith wishes to amend his original complaint, he must either give the court notice that he wishes Docket 30-1 to constitute his complaint or file a proposed amended complaint that fully states all of the claims he intends to raise, not one that is an addition to another complaint.

## VI. Motion For Order To Show Cause

Smith filed a motion titled "Plaintiff's Motion to Establish a Conflict of Interest Factor Between State Attorney General's Office, and the Representation of This Case Because of This Reason." Docket 51. In this motion, Smith complains that the Attorney General's Office represented the

4

state in his criminal case, his state civil rights case, and the current case. *Id*. Smith states that he is willing to let defendants be represented by Marty Jackley, and if he cannot, he asks that a special prosecutor be appointed. *Id*. Defendants have not been served, however, and no attorney has appeared for them. Further, that the state's attorney's office is representing the state in all three cases is not a conflict of interest. Therefore, his motion is denied.

Thus, it is ORDERED

1. The stay on Smith's case is lifted.
2. If Smith wishes to amend his complaint, he must give this court notice that he intends his proposed amended complaint (Docket 30-1) to constitute an amended complaint or file a full amended complaint that contains all of the claims he intends to raise by January 27, 2017.
3. Plaintiff's motion for service (Docket 29) is denied.
4. Plaintiff's motion to appoint counsel (Docket 31) is denied.
5. Plaintiff's motions for preliminary injunction or temporary restraining order (Docket 32; Docket 44; Docket 49) are denied.
6. Plaintiff's "Motion For Activation of The Staying Order To Be Now Changed Under This 'Writ of Coram Nobis' and Under The Fed. R. Civ. P., Rule 60(a)" (Docket 42) is denied.
7. Plaintiff's motions to amend (Docket 43; Docket 50) are denied.

8. Plaintiff's Motion to Establish a Conflict of Interest Factor Between State Attorney General's Office, and the Representation of This Case Because of This Reason (Docket 51) is denied.

Dated January 10, 2017.

                                         BY THE COURT:
                                         /s/ *Karen E. Schreier*
                                         KAREN E. SCHREIER
                                         UNITED STATES DISTRICT JUDGE