UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>             Plaintiff,<br><br>vs.<br><br>SGT. KURTIS BROWN, Correctional Officer; JESS BOYSEN, Correctional Officer; JUSTIN KUKU, Correctional Officer; ANGELA STEINEKE, Coordinator of West Hall; KEITH DITMENSON, Unit Manager, West Hall; HEATHER BOWERS, Head nurse of Health Services; MARY CARPENTER, Head Doctor for Health Care; LONNA VINK, Nurse Health Services; DAVID STEPHAN, DCI, Division Of Criminal Investigation;<br><br>             Defendants. | 4:16-CV-04014-KES<br><br><br>ORDER GRANTING MOTION<br>FOR PROTECTIVE ORDER AND<br>DENYING REMAINING MOTIONS |

Plaintiff, Bruce Edgar Smith, filed a pro se lawsuit under 42 U.S.C. § 1983. Smith has again filed a number of motions, and defendants move the court to grant them a protective order staying discovery. For the reasons below, the court denies Smith's motions and grants defendants' motion.

**DISCUSSION**

**I. Protective Order**

Defendants move the court to grant them a protective order staying discovery until resolution of the qualified immunity issue. Pursuant to

Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure § 2040* (3d ed.); *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); see also *Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery).

Smith argues that the court should deny defendants' motion because they were required to raise the qualified immunity argument before answering or before the court issued a scheduling order. He cites *Turner v. Clelland*, No. 1:15CV947, 2016 WL 6997500 (M.D.N.C. Nov. 30, 2016), *report and recommendation adopted sub nom. Turner, Jr. v. Clelland*, No. 1:15CV947, 2017 WL 913630 (M.D.N.C. Mar. 7, 2017). The court in *Turner*, however, denied the same argument Smith raises. Because the qualified immunity issue may be dispositive, the court grants defendant's motion for a protective order and stays discovery until resolution of the qualified immunity issue.

## II.    Discovery Motions

Smith filed a number of motions pertaining to discovery both before and after defendants moved for a protection order. Dockets 93, 105, 110. Because discovery has now been stayed, these motions are denied. Smith may refile them if defendants' motion for summary judgment based on qualified immunity is denied.

### III. Responses From the Court

Smith filed a number of motions concerning the lack of response he receives from the court and defendants. Dockets 100, 112. Both the court and defendants have provided the necessary responses to Smith's filings. Therefore, the motions are denied. This includes Docket 106, which was docketed as a letter, but may be construed as a motion for a temporary restraining order because Smith believes his mail is not being sent due to lack of response from the court. Smith also filed a motion putting the court and parties on notice that he will appeal if his motions are denied. Docket 86. With this motion, Smith merely expresses his unhappiness with the court's decisions, and it is dismissed as well.

### IV. Motions to Amend

Smith moves to amend his complaint three times. Dockets 88, 108, 109. Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after serving it. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend. Futility is a valid basis for denying leave to amend." *Sorace v. United States*, 788 F.3d 758, 767 (8th Cir. 2015) (citation omitted).

Smith's amendments seek to add defendants who the court previously dismissed, and the majority of the documents are identical. Smith offers no compelling reason why the court should reverse its decision to dismiss these

defendants. Therefore, Smith's motions to amend are futile, and they are denied.

**V.     Motion to Appoint Counsel**

Smith moves the court to appoint him counsel. Docket 99. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent litigant's ability to present his claim. *Id.* Smith's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Therefore, his motion is denied.

Thus, it is ORDERED

1. Defendants' motion for protective order (Docket 96) is granted. Discovery is stayed until resolution of the qualified immunity issue.
2. Defendants shall file their motion for summary judgment based on qualified immunity by July 20, 2017.
3. Plaintiff's motion to now set up precedence of notice of plain error (Docket 86) is denied.
4. Plaintiff's motion to supplement and amend (Docket 88) is denied.
5. Plaintiff's motion to compel (Docket 93) is denied.
6. Plaintiff's motion to appoint (Docket 99) is denied.

4

7. Plaintiff's motion to have the court establish control of the case (Docket 100) is denied.

8. Plaintiff's motion for leave to file for permission to file depositions (Docket 105) is denied.

9. To the extent Docket 106 constitutes a motion for temporary restraining order, it is denied.

10. Plaintiff's motion to supplement and amend (Docket 108) is denied.

11. Plaintiff's motion to supplement and amend (Docket 109) is denied.

12. Plaintiff's motion to compel (Docket 110) is denied.

13. Plaintiff's motion for default because of nonparticipation (Docket 112) is denied.

Dated June 21, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE