UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. KURTIS BROWN, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; JESS BOYSEN, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; JUSTIN KUKU, CORRECTIONAL OFFICER; ANGELA STEINEKE, COORDINATOR OF WEST HALL; KEITH DITMENSON, UNIT MANAGER; WEST HALL; HEATHER BOWERS, HEAD NURSE OF HEALTH SERVICE; MARY CARPENTER, HEAD DOCTOR FOR HEALTH CARE; LONNA VINK, NURSE HEALTH SERVICES; AND DAVID STEPHAN, DCI, DIVISION OF CRIMINAL INVESTIGATION;<br><br>Defendants. | 4:16-CV-04014-LLP<br><br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff, Bruce Edgar Smith, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. On September 27, 2018, the court granted defendants' motion for summary judgment. Docket 217. Smith now appeals the judgment and moves for leave to proceed in forma pauperis on appeal. Dockets 219 and 220.

Smith was granted in forma pauperis status in this matter, and his appeal from the grant of summary judgment is brought in good faith. *See* Docket 14. Ordinarily, Smith would qualify for

in forma pauperis status on appeal, pending assessment and payment of the required initial partial filing fee under 28 U.S.C. § 1915(b). Under 28 U.S.C. § 1915(g), however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When Smith commenced this action, he had already incurred two "strikes" under 28 U.S.C. § 1915(g). *See Smith v. Dept. of Correction, et al*, 01-cv-04193 (D.S.D. June 25, 2002) (complaint dismissed for failure to state a claim upon which relief may be granted); *Smith v. Davidson et al*, 12-cv-04105 (D.S.D. July 26, 2012) (complaint dismissed for failure to state a claim upon which relief may be granted). During the pendency of this action, Smith acquired his third "strike." *See Smith v. United States Marshals et al*, 16-cv-05083, (D.S.D. Oct. 20, 2016) (complaint dismissed for failure to state a claim and the third strike assessed under 28 U.S.C. § 1915(g)). Smith appealed that ruling and the Court of Appeals for the Eighth Circuit summarily affirmed the judgment of this court. *Id.* at Dockets 18 and 31. Smith then filed two additional actions before the conclusion of the instant action. *Smith v. Brown et al*, 17-cv-4156, (D.S.D. March 26, 2018) (dismissed for failure to pay filing fee or to demonstrate "imminent danger of serious physical injury"); *Smith v. United States Marshals*, 18-cv-4016, (D.S.D. March 26, 2018) (dismissed for failure to pay filing fee or to demonstrate "imminent danger of serious physical injury"). This court did not locate any Eighth Circuit case law discussing the situation where a plaintiff acquires a third strike during the pendency of a district court case. The court did, however, find a United States District Court District of Minnesota case that addressed this particular issue. *See Pitts v. Ramsey County, et al*, 17-cv-4261, (D. Minn. Aug. 20, 2018). There,

the court found that 28 U.S.C. § 1915(g) barred plaintiff from proceeding in forma pauperis on appeal even though plaintiff proceeded in forma pauperis at the district court level. *Id.*

Additionally, Smith's pleadings in this matter do not establish that Smith is "under imminent danger of serious physical injury" at the time of his appeal. The imminent danger of serious physical injury exception "... focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). In his affidavit in support of his motion to proceed without prepayment of fees, Smith reiterates past events and expresses his disagreement with this court's decision. Docket 221. Smith does not allege that he is currently under imminent danger of serious physical injury. Thus, 28 U.S.C. § 1915(g) bars Smith from proceeding in forma pauperis on appeal and his motion will be denied. Smith must pay the $505.00 appellate filing fee in this matter. Accordingly, it is

ORDERED that Smith's motion to proceed without prepayment of fees (Docket 220) is denied.

DATED this 15 day of October, 2018.

BY THE COURT:

*(signature)*
LAWRENCE L. PIERSOL
United States District Judge

3