UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>                  Plaintiff,<br><br>    vs.<br><br>SGT. KURTIS BROWN, Correctional Officer, in his individual and official capacity, JESS BOYSEN, Correctional Officer, in her individual and official capacity, JUSTIN KUKU, Correctional Officer, ANGELA STEINEKE, Coordinator of West Hall, KEITH DITMENSON, Unit Manager of West Hall, HEATHER BOWERS, Head Nurse of Health Service, MARY CARPENTER, Head Doctor for Health Care, LONNA VINK, Nurse Health Services, and DAVID STEPHAN, DCI, Division of Criminal Investigation,<br><br>                  Defendants. | 4:16-CV-04014-LLP<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Plaintiff, Bruce Edgar Smith, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Defendants' motion for summary judgment and entered judgment against Smith on September 27, 2018. Docs. 217, 218. On December 28, 2021, Smith filed a motion for reconsideration, Doc. 247.

Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged;

it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). Smith bases his motion on Rule 60(b)(1) and (3). Doc. 247 at 1. However, these subsections may only be used in Rule 60(b) motions made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The final judgment in this case was entered on September 27, 2018, thus, Smith's pending motion, which was filed more than two years since the date of judgment, is untimely under subsection (1) and (3).

After review of his motion, the only possibly arguable ground is for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(6), a party must show that "exceptional circumstances . . . denied the moving party a full and fair opportunity to litigate his claim and . . . prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted). Rule 60(b) motions cannot be used "to 'tender new legal theories' " or to reargue " 'on the merits.' " *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)) (first quoted material); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (second quoted material).

Additionally, a Rule 60(b) motion "must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). " 'What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion.' " Middelton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2017) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). The Eighth Circuit has found a three-year delay in making a Rule 60(b) motion to be unreasonable. *Id.*; *Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 374-75 (8th Cir. 1993) (holding a three and one-half year delay was unreasonable).

Smith filed his 60(b) motion almost two and a half years after the entry of judgment. *Compare* Doc. 218 *to* Doc. 247. Further, his motion is based allegations of judicial misconduct and he claims the Court did not consider his motion to introduce evidence (Doc. 131). Doc. 247 at 2. "[Y]ou told me that you would take a good long look" before ruling on Defendants' motion for summary judgment at "Doc. 131 . . . Did you? No[,] you didn't." *Id.* at 3. Smith claims that the "proof" to deny Defendants' motion for summary judgment motion was within Doc. 131. *Id.* This Court considered Doc. 131 and held:

> A review of the record in this case shows that defendants also filed a copy of the disciplinary report and a complete copy of the unplanned use of force checklist. *See* Dockets 153-3, 153-6. Additionally, Smith has filed these documents with the court on more than one occasion. *See* Dockets 1-5, 171. With no expressed opposition from defendants, the documents are incorporated into the record of this case. Thus, Smith's motion to admit evidence (Docket 131) is granted insofar as the evidence is incorporated into the record of this case and the evidence would be considered by the court in the context of the defendant's motion for summary judgment.

Doc. 184 at 35. Smith has had the opportunity to litigate his claims before this Court. Smith filed two motions for summary judgment (Docs. 194 and 214), which this Court considered and denied. *See* Doc. 217 at 29-30. Next, Defendants brought a motion for summary judgment and this Court analyzed Smith's arguments and facts. *See* Doc. 217 at 30-46 (acknowledging that Smith's version of the events were different and holding that he did not raise a genuine issue of material fact).

Smith has failed to allege facts to support that he was denied the opportunity to litigate his claims, and he may not use a Rule 60(b) motion to relitigate the merits of his case. Thus, Smith has failed to show an exceptional circumstance under Rule 60(b) and his motion for reconsideration, Doc. 247, is denied.

Accordingly, it is ORDERED:

1. That Smith's motion for reconsideration, Doc. 247, is denied.

DATED April 12, 2021.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge

4